JOHN R. GIBSON, Circuit Judge, dissenting, with whom McMILLIAN and FAGG, Circuit Judges,
join, dissenting.
I respectfully dissent.
Following the lead of the Ninth and Tenth Circuits, the court today concludes that Davis’s convictions under 18 U.S.C. § 2512(l)(b) should stand. United States v. Lande, 968 F.2d 907 (9th Cir.1992); United States v. McNutt, 908 F.2d 561 (10th Cir.1990), cert. denied, — U.S. —, 111 S.Ct. 955, 112 L.Ed.2d 1043 (1991). I believe that Davis’s conduct is not covered under 18 U.S.C. § 2512(1)(b) and, therefore, I would reverse his convictions on those counts.
The majority distinguishes Schweihs on the ground that Davis modified the VCII devices without the knowledge of the cable companies, and that his modifications served no “legitimate” purpose. These distinctions are illusory. The modifications made in Schweihs are analogous to the modifications made to the VCII devices. Once the amplifier was placed on the telephone line, it certainly served no “legitimate” use. Likewise, the victim’s knowledge or lack thereof is not the basis for the decision in Schweihs.
I am persuaded by the reasoning of the Eleventh Circuit in United States v. Herring, 933 F.2d 932 (11th Cir.1991). There, the Eleventh Circuit held that § 2512(1)(b) does not apply to the sale and manufacture of satellite pay-television descramblers. Id. at 935.
The Eleventh Circuit first considered the legislative history of section 2512 and concluded that the sale and manufacture of descramblers would not have been covered under 2512(l)(b) prior to the 1986 amendments. Relying on Schweihs, the Eleventh Circuit reasoned that Section 2512 did not apply because the design of the de-scramblers included “significant nonsurrep-titious and legitimate uses,” including authorized reception of “soft scrambled” signals which are ninety percent of satellite television signals. Therefore, the de-scramblers were not “primarily useful for surreptitious listening.” Id. at 934. The Eleventh Circuit went on to observe that the 1986 amendments to the Wiretap Law did not broaden the meaning of surreptitious. Id. at 935. The court rejected the argument that Section 2512(l)(b) applied to *421 the sale and manufacture of modified de-scramblers because Congress simultaneously excepted viewing of unencrypted satellite transmissions under Section 2511, because section 2511 is much broader than section 2512, and contains no requirement that the interception be surreptitious. Id. The court also rejected the reasoning of McNutt, (and that of the majority opinion here), concluding that the appropriate inquiry is not whether the descramblers can be used for surreptitious listening. Id. at 939. The court reiterated that Section 2512 applies only if the design of the de-scramblers makes them primarily useful for surreptitious listening. Id. Because the descramblers had “significant legitimate uses,” the court concluded section 2512(l)(b) did not apply. Id. Finally, the Eleventh Circuit found further support for its holding because 47 U.S.C. § 605 governed the sale and manufacture of modified descramblers. Id. at 935.
I believe the Eleventh Circuit’s approach is correct. Therefore, I would reverse Davis’s convictions for violations of 18 U.S.C. § 2512(l)(b).